IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NICHOLAS ANTHONY CROOKS,  :
                          :  1:18-cv-0047
        Petitioner,        :
                          :  Hon. John E. Jones III
    v.                    :
                          :
CRAIG A. LOWE,            :
                          :
        Respondent.        :

# MEMORANDUM

## December 19, 2018

Petitioner Nicholas Anthony Crooks ("Crooks"), a detainee of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), presently confined at the Pike County Correctional Facility, Lords Valley, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), challenging the constitutionality of his continued detention pending removal from the United States.

The petition is ripe for disposition. For the reasons set forth below, the Court will deny the petition without prejudice.

## I.      Background of Immigration Proceedings

Crooks, a native and citizen of Jamaica, was admitted to the United States at Miami, Florida on or about August 12, 2005, as a B2 nonimmigrant visitor. (Doc. 8-1, p. 3). He remained in the United States beyond the authorized date of December 1, 2005. (*Id.*)

On November 10, 2016, he was convicted in Magisterial Court in Luzerne County, Pennsylvania of "Int Poss Contr Subst By Per Not Reg, to wit: Crack Cocaine, in violation of PA Statute 35 § 780-113 §§ A16." (*Id.*) On June 29, 2017, ICE served him with a Notice to Appear charging that he was subject to removal pursuant to section 237(a)(1)(B) of the Immigration and Nationality Act, as amended ("INA"), because he remained in the United States for longer than permitted, and section 237(a)(2)(B)(i) of the INA, in that after admission he was convicted of a violation of any law relating to a controlled substance. (*Id.*) He has been in ICE custody since that date. (Doc. 10, p. 6).

On November 14, 2017, the Immigration Judge ("IJ") denied Crook's application for asylum and withholding of removal and denied his request for protection from removal under the Convention Against Torture and ordered him removed to Jamaica. (*Id.* at 31). Crooks timely appealed. (*Id.* at 33). Briefs were to be filed with the Board of Immigration Appeals on or before February 15, 2018. (*Id.*) The appeal is currently pending.

**II.   Discussion**

Crooks challenges the length of his detention. He is detained pursuant to 8 U.S.C. § 1226 which requires the Attorney General to detain any noncitizen who is inadmissible or deportable on criminal grounds. 8 U.S.C. § 1226. The custody provision relevant here provides that "[t]he Attorney General shall take into custody any alien who-- (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title[.]" 8 U.S.C. § 1226(c)(1)(B). The

provision governing release states: "The Attorney General may release an alien described in paragraph (1) only if the Attorney General decides pursuant to section 3521 of Title 18 that release of the alien from custody is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate of a witness, potential witness, or person cooperating with such an investigation, and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled hearing." 8 U.S.C. § 1226(c)(2).

In the recent United States Supreme Court case of *Jennings v. Rodriguez*, ––– U.S. ––––, 138 S.Ct. 830, 200 L.Ed.2d 122 (2018), the Supreme Court reversed the Ninth Circuit's holding that non-citizens detained under §§ 1225(b)(1), (b)(2), and 1226(c) are entitled to bond hearings every six months. *Jennings*, 138 S.Ct. at 842. *Jennings* held that the language of section 1226(c) authorizes unlimited detention pending removal proceedings of an alien who is deportable on the basis of criminal involvement, and that no implicit restraint on the length of detention can be read into the statute. *Jennings*, 138 S.Ct. at 847. Specifically, "§ 1226(c) is not 'silent' as to the length of detention. It mandates detention 'pending a decision on whether the alien is to be removed from the United States' ... and it expressly prohibits release from that detention except for narrow, witness-protection purposes.... Indeed, we have held as much in connection with § 1226(c) itself. In *Demore v. Kim*, 538 U.S., at 529, 123 S.Ct. 1708, we distinguished § 1226(c) from the statutory provision in *Zadvydas* by pointing out that detention under §

3

1226(c) has 'a definite termination point': the conclusion of removal proceedings. As we made clear there, that 'definite termination point'—and not some arbitrary time limit devised by courts—marks the end of the Government's detention authority under § 1226(c)." *Jennings*, 138 S.Ct. at 846. Consequently, Petitioner is not entitled to a bond hearing pending the completion of removal proceedings.

However, "*Jennings* did not call into question [the] constitutional holding in *Diop* [*v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011)] that detention under § 1226(c) may violate due process if unreasonably long." *Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018). It remains the case that the "constitutionality of [§ 1226(c) detention] is a function of the length of the detention [and t]he constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues," and "any determination on reasonableness [must be] highly fact specific." *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469, 474–75 (3d Cir. 2015); *see also Diop*, 656 F.3d at 232, 234. The prolonged mandatory detention of an alien will therefore amount to an unconstitutional application of § 1226(c) only where the alien's prolonged detention has become "so unreasonable [that it] amount[s] to an arbitrary deprivation of liberty [which] cannot comport with the requirements of the Due Process Clause." *Dryden v. Green*, 321 F. Supp. 3d 496, 502 (D.N.J. 2018); <u>see also</u> *Demore*, 538 U.S. at 432; *Chavez-Alvarez*, 783 F.3d at 474.

Based on this constitutional framework, following *Jennings*, district courts in this circuit have largely found that detention for just over a year pursuant to § 1226(c) is

4

insufficient to amount to an arbitrary deprivation of liberty and will thus not suffice to prove that the statute has been unconstitutionally applied. *Dryden*, 321 F. Supp. 3d at 502–03 (detention for just over a year not unconstitutional); *Fernandez v. Lowe*, No. 3:17-CV-2301, 2018 WL 3584697, at *4 (M.D. Pa. July 26, 2018) (detention for fifteen months not unconstitutional given regular progression of proceedings); *Carlos A. v. Green*, No. 18-741, 2018 WL 3492150, at *5 (D.N.J. July 20, 2018) (detention for just over thirteen months not unconstitutional). Significantly longer periods of detention, however, have been found to be so prolonged as to be an arbitrary, and thus unconstitutional, application of § 1226(c) absent a bond hearing. *See, e.g., K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at * 4 (D.N.J. Aug. 7, 2018) (detention of nineteen months in the absence of bad faith on Petitioner's part warranted a bond hearing); *Vega v. Doll*, No. CV 3:17-1440, 2018 WL 3756755, at *5 (M.D. Pa. Aug. 8, 2018) (finding detention for twenty-one months has become so prolonged that it has become arbitrary and unreasonable in this particular case such that petitioner is entitled to an individualized bond hearing); *Destine v. Doll*, No. 3:17-CV-1340, 2018 WL 3584695, at *5 (M.D. Pa. July 26, 2018) (same).

In this case, Crooks has been subject to mandatory detention for approximately eighteen months. During that time period, his case has proceeded through the removal process at a reasonable pace and there is no indication in the record that the government has improperly or unreasonably delayed the proceedings. Considering that the matter is proceeding with regularity through the immigration courts, this Court finds that his

detention pursuant to § 1226(c) has not yet become so prolonged that it amounts to an arbitrary application of the statute. *See Dryden*, 321 F. Supp. 3d at 502–03. Crooks's detention thus remains constitutionally permissible and his habeas petition will be denied without prejudice.

## III. Conclusion

For the above stated reasons, the petition pursuant to 28 U.S.C. § 2241 petition will be denied without prejudice to Crooks filing another petition if his detention becomes arbitrary or unreasonable.

An appropriate Order will enter.